IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHNNY ADAMS                                                                                     PLAINTIFF

vs.                                         Civil No. 4:18-cv-04120

NANCY A. BERRYHILL                                             DEFENDANT
Acting Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Johnny Adams ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") partially denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed his DIB application on April 27, 2016 and his SSI application on August 14, 2015. (Tr. 19). In his applications, Plaintiff alleges being disabled due to a blood disorder, sleep apnea, COPD, blackouts, dizziness, numbness in his hands and feet, possible gout, swelling in his feet, and nerve problems. (Tr. 260). Plaintiff alleges an onset date of September 24,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

2013. (Tr. 19). These applications were denied initially and again upon reconsideration. *Id.*

Plaintiff requested an administrative hearing on his denied applications. (Tr. 184-186). This hearing request was granted, and Plaintiff's administrative hearing was held on January 23, 2018 in Shreveport, Louisiana. (Tr. 57-76). At this hearing, Plaintiff was present and was represented by counsel, Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") James Wallace testified at this hearing. *Id.*

After this hearing, the ALJ entered a partially favorable decision on his disability applications. (Tr. 12-31). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2015. (Tr. 22, Finding 1). The ALJ determined Plaintiff had not engage in Substantial Gainful Activity ("SGA") since his alleged onset date. (Tr. 22, Finding 2). The ALJ determined Plaintiff had at least a high school education and was able to communicate in English. (Tr. 27, Finding 8). The ALJ also determined that, prior to his established disability date, Plaintiff was a "younger individual" as defined by 20 C.F.R. §§ 404.1563(c) and 416.963(c). (Tr. 27, Finding 7).

The ALJ determined that, since his alleged disability date of September 24, 2013, Plaintiff had the following severe impairments: COPD, obstructive sleep apnea, hypertension, status-post congestive heart failure, polycythemia, syncope, and obesity. (Tr. 22, Finding 3). The ALJ then evaluated Plaintiff's impairments *prior to* January 1, 2016 and *after* January 1, 2016. Prior to January 1, 2016, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 22-23, Finding 4). The ALJ determined that *prior to* January 1, 2016, Plaintiff retained the following RFC:

After careful consideration of the entire record, the undersigned finds that prior to

2

January 1, 2016, the date the claimant became disabled, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except frequent climbing of stairs and ramps, balancing, kneeling, stooping, crouching, and crawling but no climbing of ladders, ropes, or scaffolds. The claimant can have no exposure to high concentrations of fumes and other pulmonary irritants, and he can have no exposure to unprotected heights or dangerous moving machinery.

*Id.*

The ALJ determined that since September 24, 2013, Plaintiff was unable to perform any of his Past Relevant Work ("PRW"). (Tr. 27, Finding 6). However, the ALJ also determined that prior to January 1, 2016, Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 27-28, Finding 10). Accordingly, the ALJ found that, prior to January 1, 2016, Plaintiff was not disabled. (Tr. 30, Finding 12). As of January 1, 2016, the ALJ found Plaintiff's impairments met the requirements of Listing 3.02 and was disabled. (Tr. 28-30, Finding 11). Plaintiff's insured status expired the day before, on December 31, 2015. (Tr. 30, Finding 13).

Plaintiff sought review with the Appeals Council. On July 24, 2018, the Appeals Council denied this request for review. (Tr. 1-6). On August 21, 2018, Plaintiff filed a Complaint in this matter. ECF No. 1. Both Parties have filed appeal briefs and have consented to the jurisdiction of this Court. ECF Nos. 5, 13-14. This case is now ready for determination.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the

regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 13 at 1-20. Plaintiff raises three arguments for reversal: (1) the ALJ erred in finding Plaintiff was disabled as of January 1, 2016 instead prior to that time period; (2) the ALJ erred in finding he could perform light work prior to January 1, 2016; and (3) the ALJ erred in failing to give appropriate weight to the findings and opinions of his treating physicians. ECF No. 13 at 1-20. Upon review, the Court finds substantial evidence does not support the ALJ's determination that Plaintiff was disabled *only* as of January 1, 2016. Thus, the Court will only consider Plaintiff's first argument for reversal.

In his opinion, the ALJ found that "[i]n January 2016, the claimant underwent a Pulmonary Function Study (PFS) that revealed severe airflow obstruction, very severe reduction in maximal voluntary ventilation, air trapping, and severe COPD." (Tr. 29). The ALJ then found Plaintiff was disabled as of January 1, 2016 *but not before* that date. Interestingly, Plaintiff's insured status expired the *day before* Plaintiff's disability date.

Upon review of Plaintiff's medical records, Plaintiff's treating physician, who diagnosed

5

Plaintiff with COPD, stated Plaintiff's condition began "well before December of 2015." (Tr. 905). Despite this notation, the ALJ entirely disregarded that finding and determined Plaintiff's disability onset date to be January 1, 2016 with apparently no basis at all. Indeed, the report the ALJ references is dated January 12, 2016. (Tr. 900). Thus, it is even unclear why Plaintiff was found to be disabled as of January 1, 2016 and not as of January 12, 2016.

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and must be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 22nd day of July 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE